UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHAUKAT ALI,**<br><br>               **Plaintiff *Pro Se*,**<br><br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LCC,**<br><br>               **Defendant.** | Civ. No. 13-4531 (KM)<br><br>**MEMORANDUM OPINION** |

**MCNULTY, D.J.,**

    This matter comes before the Court upon i) the Motion of Defendant, Portfolio Recovery Associates, LLC ("Defendant"), to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6); and ii) the Request for Default Judgment by Plaintiff. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons expressed herein, Defendant's Motion to Dismiss is **GRANTED IN PART**, and Plaintiff's Request for Default Judgment is **DENIED**.

**I.   BACKGROUND**

    The plaintiff, Shaukat Ali, alleges that on July 22, 2013, he received a letter from Defendant, a debt collector located in Norfolk, Virginia. The letter stating that Ali owed Defendant $1,068.00 and that he should start making payments to Defendant before the 16th of every month. (Complaint [ECF No. 1] at ¶ 9). Plaintiff also alleges that an employee of Defendant informed him that he owed money to "[T]arget Corporation" or "[T]arget store," and that Defendant had purchased this debt. (*Id.* at ¶ 10). Plaintiff claims that he told the employee that he never received validation of the debt and asked that Defendant stop contacting him. (*Id.*). Plaintiff claims that Defendant's employee told him that if he did not start sending money, he would "start receiving barrage of other calls," and that the employee "used an abusive language." (*Id.* at ¶¶ 11-18). Plaintiff states that he has suffered from loss of sleep, anxiety, embarrassment, humiliation, anger, and frustration due to the actions of Defendant. (*Id.* at ¶ 20).

    On July 26, 2013, Plaintiff filed a Complaint ("Compl.," ECF No. 1) alleging that Defendant violated various provisions of the Fair Debt Collection Practices Act (the "FDCPA"). Defendant filed this Motion to Dismiss on

September 12, 2013 (ECF No. 5). Plaintiff filed a Request for Default Judgment on September 13, 2013 (ECF No. 6).[1] Plaintiff filed an Opposition to Defendant's Motion to Dismiss on September 23, 2013 (ECF No. 8).[2] Defendant filed a Reply on September 30, 2013 (ECF No. 11).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by subsequent Supreme Court case law). Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [his] 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

---

[1] This request is denied. On August 28, 2013, the Clerk of the Court entered a text order granting Defendant's Application to Extend Time to Answer or Otherwise Plead in Response to the Complaint. This extended the deadline for Defendant to respond to the Complaint until September 12, 2013. Defendant timely filed its Motion to Dismiss on that day.

[2] Plaintiff's Opposition also contains a request for sanctions against Defendant pursuant to Federal Rule of Civil Procedure 11 and New Jersey Court Rule 1:4-8. This request is denied. New Jersey Court Rule 1:4-8 is inapplicable, as New Jersey Court Rule 1:1-1 provides that "[u]nless otherwise stated, the rules in Part I are applicable to the Supreme Court, the Superior Court, the Tax Court, the surrogate's courts, and the municipal courts." Further, Federal Rule of Civil Procedure 11(c)(2) provides that a motion for sanctions "must be made separately from any other motion."

## III. DISCUSSION

### A. FDCPA Claims

Plaintiff asserts that Defendant's conduct violated four provisions of the FDCPA. Defendant seeks to dismiss all of these claims on Rule 12(b)(6) grounds. I find that only two of the claims should be dismissed.

#### 1) 15 U.S.C. § 1692g(b)

The Complaint alleges that Defendant violated § 1692g(b) of the FDCPA "by not validating the alleged debt and continuing collection activities by contacting [P]laintiff through Postal service mailers followed up by phone calls" (Compl. ¶ 23(a)). Title 15, U.S. Code, Section 1692g contains what is sometimes known as the "statutory validation procedure." Under that procedure, <u>if the creditor first provides the consumer with notice of certain required information about the debt</u>, then the burden shifts to the consumer to notify the debt collector in writing that the consumer disputes the debt.

> The initial required notice to the consumer consists of the following:
>
> a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

By providing that initial notice, the debt collector places on the consumer an obligation to respond if he or she wishes to dispute the debt:

> If the consumer *notifies the debt collector in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer

3

> requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . .

15 U.S.C. § 1692g(b) (emphasis added). If the consumer fails to supply such notice within 30 days, the debt may be assumed to be valid by the debt collector.

Essentially, a debt collector must fulfill the requirements of subsection (a) of §1692g for the debtor to be bound by the written request requirement in subsection (b). This makes sense, as subsection (a) requires that that debt collector apprise the debtor of, among other things, the validation request procedure itself.

The Complaint contains no indication that Defendant ever supplied the required initial notice to the Plaintiff under subsection (a), which is in many respects a prerequisite to the position Defendant asserts in response to Plaintiff's claim under subsection (b). Without that information, it is difficult to determine if Defendant's motion to dismiss is well-founded. At any rate, I will not dismiss this *pro se* claim without further information.

As to the claim under 15 U.S.C. § 1692g(b), the motion to dismiss is denied.

### 2) 15 U.S.C. § 1692c(c)

Plaintiff also asserts that Defendant violated § 1692c(c) of the FDCPA by "contacting [P]laintiff . . . beside the fact [P]laintiff does not owe any money of [Defendant]" (Compl. ¶ 23(b)). Title 15, U.S. Code, Section 1692c(c) provides: "If a consumer *notifies a debt collector in writing* that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ." (emphasis added).

This section of the statute requires the consumer to notify the debt collector in writing that he or she disputes the debt in order to cut off further communications. It does not place any preconditions on the debt collector. The Complaint does not allege that Plaintiff ever disputed his debt or objected to Defendant's collection efforts in writing. Accordingly, even under the liberal standard for assessing a *pro se* pleading, the claim under 15 U.S.C. § 1692c(c) fails to demonstrate a potential entitlement to relief.

The motion to dismiss the claim under § 1692c(c) is granted.

### 3) 15 U.S.C. § 1692e(2)

Plaintiff claims that Defendant violated § 1692e(2) of the FDCPA by "demanding 'fees' for which [Defendant] is not and was not legally entitled to collect from [P]laintiff." (Compl. ¶ 23(c)). Under 15 U.S.C. § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of - (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

Under the FDCPA, a communication is "deceptive" if "'it can be reasonably read to have two or more different meanings, one of which is inaccurate,' viewed from the perspective of the 'least sophisticated consumer.'" *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 342 (D.N.J. 2009) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008)).

Here, Plaintiff simply alleges that Defendant acted deceptively because it sought money from Plaintiff that Plaintiff did not in fact owe. (*See* Compl. at ¶ 23(c)). A simple allegation by a plaintiff that he or she does not owe anything to the defendant, cannot, standing alone, support a claim under this provision, <u>if the plaintiff failed to follow the statutory validation procedure</u>. *See McLaughlin v. Phelan Hallinan & Schimeg, LLP*, 2013 U.S. Dist. LEXIS 33255 at *8-9 n.3 (W.D. Pa. Mar. 11, 2013)(citing *Bleich v. Revenue Maximization Grp., Inc.*, 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002). *Bleich* made very clear that this defendant-friendly limitation comes into play only "where a debt collector has [provided notice that] included appropriate language regarding the FDCPA debt validation procedure[.]"

As stated above, I am confined to the allegations of the Complaint, and the Complaint contains no indication that the Defendant debt collector abided by the § 1692g(a) notice requirements. The *McLaughlin* holding therefore, at least on the state of the current record, does not require dismissal.

The motion to dismiss the claim under 15 U.S.C. § 1692e(2) is denied.

### 4) 15 U.S.C. § 1692f(1)

Plaintiff asserts that Defendant violated § 1692f(1) of the FDCPA by "demanding 'fees' for which no legal authorization exists by and through

5

[Defendant] to [P]laintiff" (Compl. ¶ 23(d)). 15 U.S.C. § 1692f provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) specifically prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." This is a "catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA...[It] "cannot be the basis for a separate claim' for conduct that is already explicitly addressed by other sections of the FDCPA." *Corson v. Accounts Receivable Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 112282, at *20-21 (D.N.J. Aug. 9, 2013)(internal citations omitted) (quoting *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580-81 (D.N.J. 2013)). Accordingly, "[c]ourts have . . . routinely dismissed § 1692f claims when a plaintiff does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Corson* at *21 (internal quotations and citation omitted). Here, Plaintiff's allegation under 15 U.S.C. § 1692f(1) mirrors his allegation under 15 U.S.C. § 1692e(2), and he does not point to any additional alleged unfair or unconscionable conduct.

Accordingly, the motion to dismiss the claim under 15 U.S.C. § 1692f(1) is granted.

The dismissal of two claims (*see* Section III.A.2 & 4, above) is without prejudice to a motion to amend the Complaint.

### B. Class Action Claim

Count Two of the Complaint alleges that Defendant "has a pattern to call other consumers who owe nothing" in order to "harass them, abuse them and mentally torture them by making phone calls for no reason" (Compl. ¶ 25). Thus, Plaintiff requests that this Court "grant this action as a Class-Action." (*Id.* at ¶ 26).

Federal Rule of Civil Procedure 23(a) lists the following prerequisites for a class action:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The Complaint does not address any of these prerequisites. Nor does it allege

6

any facts, however vague, to support its conclusory allegation that Defendant engaged in a "pattern" of similar violations against persons other than Plaintiff.

The motion to dismiss Plaintiff's class action claim is granted without prejudice to renewal should the facts or circumstances warrant.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. In Count One of the Complaint, the claims under 1692c(c) and 1692(f)(1) are **DISMISSED WITHOUT PREJUDICE**. Count Two in its entirety is likewise **DISMISSED WITHOUT PREJUDICE**. Because Defendant timely answered the Complaint, Plaintiff's motion for a default judgment is **DENIED**.

An appropriate Order follows this Opinion.

_____
HON. KEVIN MCNULTY, U.S.D.J.