# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SHAUKAT ALI,

                    Plaintiff *Pro Se*,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

                    Defendant.

Civ. No. 13-4531 (KM)

**MEMORANDUM OPINION UPON
MOTION FOR RECONSIDERATION**

**MCNULTY, D.J.,**

In an opinion dated May 2, 2014, I granted in part and denied in part a motion by Defendant Portfolio Recovery Associates, LLC ("Defendant") to dismiss the Complaint filed by Shaukat Ali ("Plaintiff"). Defendant has since moved that I reconsider my order. Reconsideration is appropriate only: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004).

Plaintiff alleges that on July 22, 2013, he received a letter from Defendant, a debt collector located in Norfolk, Virginia, stating that he owed Defendant $1,068.00 and that he should start making payments to Defendant before the 16th of every month. (Complaint [ECF No. 1] at ¶ 9). Plaintiff also allges that an employee of Defendant informed him that he owed money to "[T]arget Corporation" or "[T]arget store," and that Defendant purchased this debt. (*Id.* at ¶ 10). Plaintiff claims that he told the employee that he never received validation of the debt and asked that Defendant stop contacting him. (*Id.*). Plaintiff claims that the employee told him that if he did not start sending money, he would "start receiving barrage of other calls," and that the employee "used an abusive language." (*Id.* at ¶¶ 11-18). Plaintiff states that he has suffered from loss of sleep, anxiety, embarrassment, humiliation, anger, and frustration due to the actions of Defendant. (*Id.* at ¶ 20).

Plaintiff filed a Complaint on July 26, 2013, alleging that Defendant violated various provisions of the Fair Debt Collection Practices Act (the "FDCPA"). [ECF No. 1]. The Complaint, although not neatly divided into

Counts, appears to seek relief on four grounds: First, that Defendant violated 15 U.S.C. § 1692g(b) by failing to validate the debt; Second, that Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff even Plaintiff allegedly owed nothing; Third, that Defendant violated 15 U.S.C. § 1692e(2) by demanding fees it was not entitled to collect; and Fourth, that Defendant violated 15 U.S.C. § 1692f(1) for essentially the same reasons. In my last order, I granted Defendant's motion to dismiss the second and fourth of these claims, finding that Plaintiff failed to state a claim. I also dismissed a class action claim in Plaintiff's complaint. But I denied Defendant's motion as to the first and third grounds.

Defendant now contends that I should reconsider my prior order, asserting two arguments. The first pertains to all of Plaintiff's claims, while the second pertains only to the first claim, which alleges a Section 1692g(b) violation.

## I.   Defendant's argument that dismissal is merited because there are no allegations of a consumer debt

Defendant first argues that I should have dismissed the entire Complaint because Plaintiff failed to plead the threshold requirement that Defendant's alleged actions constituted an attempt to collect a "debt," which for FDCPA purposes must arise out of a consumer transaction for personal, family, or household purposes. 15 U.S.C. § 1692a(5). It claims that I overlooked this legal requirement, and sets forth a string of citations to unpublished cases which require the specific pleading of such a debt.[1] And indeed it makes intuitive sense that a Complaint should contain at least some factual material to make it inferable that the debt in dispute is a consumer debt.

In *Dixon v. Golden-Masano-Bradley*, 228 Fed. App'x 142, 144 (3d Cir. 2007), the Third Circuit held that the district court properly dismissed a FDCPA claim based on a promissory note, the terms of which expressly stated that the proceeds were *not* to be used for personal, family, or household purposes. *Id.* Obviously, in such a case a consumer debt could not be reasonably inferred, rendering any FDCPA claim implausible. In *Vargas v. Frederick J. Hanna & Assoc.*, 12-cv-3802 (Doc. No. 6) (D.N.J. Feb 15, 2013), an unpublished opinion relied upon by Defendant, retired District Judge Dennis Cavanaugh made clear that a debtor must set forth at least some facts showing "that the debt Defendant sought to collect qualified for relief under the FDCPA." *Id.* at p. 4. I agree with Judge Cavanaugh's articulation of the usual Rule 12(b)(6) standard in relation to 15 U.S.C. § 1692a(5).

---

[1]   The first of these citations does not contain the material that appears in Defendant's brief at page 3 as a quotation. I assume that this was inadvertent.

Here, Plaintiff sets forth sufficient facts to make it plausibly inferable, for purposes of this preliminary motion, that a consumer debt within the ambit of the FDCPA is in dispute. Obviously, Plaintiff contends that he does not in fact owe *anything*. But he alleges that the disputed debt at issue is, according to Defendants' representatives, a $1068.12 unpaid balance at "target store," which I take to refer to the well-known budget retailer, which accepts bank cards and issues its own debit and credit cards. *See* www.target.com. I am therefore satisfied that Plaintiff has alleged facts from which one can infer that an alleged consumer debt covered by 15 U.S.C. § 1692a(5) is at issue here. I therefore reject Defendant's motion in this respect.

## II.   Defendant's argument that the claim of a 15 U.S.C. § 1692g(b) violation is implausible under the current allegations

Defendant next argues that I made a clear error of law in denying its motion to dismiss the first claim, an alleged violation of 15 U.S.C. § 1692g(b). As I explained in my previous opinion, the FDCPA requires debt collectors to furnish a specific form of notice upon consumers believed to owe a debt, *see id.* at § 1692g(a), upon receipt of which the consumer has thirty days to inform the debt collector in writing that he or she either disputes the debt or requests the name and address of the original creditor, *see id.* at § 1692g(b). If the consumer does that, then the debt collector must cease its collection efforts until it provides verification of the debt. *See id.* The Complaint alleges that Defendants violated this latter prohibition by failing to provide verification and by continuing to pursue a debt that Plaintiff contested. (Complaint ¶ 23(a)).

Defendant moved to dismiss on grounds that Plaintiff did not allege that he disputed the debt in writing, and did not allege that Defendant furnished the notice required under Section 1692g(a). Because it was not clear whether Defendant began the Section 1692g process by furnishing the required notice, I denied the motion. On its motion for reconsideration, however, Defendant points out that the Complaint fails to allege the event that would have triggered its duty to provide notice: "[T]he [Plaintiff's] failure to request verification in writing precludes a finding that [Defendant] violated § 1692g(b)." (Br. Supp. Mot. Recons. at pt. III.) Defendant concedes that mere failure to send a Section 1692g(a) notice might be a violation of *that* subsection, but that no such violation is alleged. (*Id.* (citing *Peterson v. Portfolio Recovery Assoc.*, 2011 U.S. Dist. LEXIS 142415, *9-10 (D.N.J. Dec. 12, 2011)).

It is true that the Complaint does not allege that Plaintiff sent a *written* notice to Defendant disputing the debt or requesting verification, and does not allege that Plaintiff received a Section 1692g(a) notice from Defendant. Upon reconsideration of this narrow point of my previous opinion (*See* ECF No. 15 at p. 3-4), I agree with Defendant's view.

3

The Complaint does not set forth a Section 1692g(b) violation, which can only be triggered by a consumer's furnishing of a written dispute of the debt or request for verification. I say only that such a violation is not alleged; I express no view on whether such a violation *could* be alleged. To the extent the Complaint was imprecise or left out facts which would make out a claim, the Plaintiff is free to file an amended complaint. He is likewise free to file an amended complaint claiming that Section 1692g(a) was violated by Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART.** The Complaint's claim of a violation of 15 U.S.C. § 1692g(b) is **DISMISSED WITHOUT PREJUDICE**. As it now stands, one portion of the Complaint has survived and may move forward— the claim that Defendant violated 15 U.S.C. § 1692e(2). The other claims have all been dismissed without prejudice. Plaintiff will be granted leave, however, to file an amended complaint in accordance with this opinion and my previous opinion.

**Notice to *pro se* plaintiff:** *For procedural clarity, plaintiff should draft any amended complaint in light of this opinion and my earlier opinion. Any such amended complaint must be filed properly with the Clerk's office within 21 days of this Order. I do not consider what appears to be a proposed amended complaint attached to Plaintiff's opposition to the motion for reconsideration. [ECF No. 21-1].*

An appropriate Order will follow this Opinion.


Dated: September 2, 2014
       Newark, New Jersey


**HON. KEVIN MCNULTY, U.S.D.J.**

4